IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHELBY MCBRIDE, <br><br> **Plaintiff,** <br><br> v. <br><br> HOUSING AUTHORIY OF THE COUNTY OF JACKSON, ILLINOIS, <br><br> **Defendant.** | Case No. 3:25-cv-01025-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of a Motion to Remand filed by Plaintiff Shelby McBride (Doc. 6). Having been fully informed of the issues presented, Plaintiff McBride's Motion to Remand is **GRANTED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

McBride alleges that in December 2022, a severe winter storm in Southern Illinois caused her pipes to freeze and burst, rendering her home temporarily uninhabitable. (*See* Doc. 1, Ex. A). She alleges that, despite the Defendant Housing Authority of the County of Jackson, Illinois ("Housing Authority") having McBride's medical certifications and knowledge that she was dislocated from her home, the Housing Authority did not repair the premises for several months. (*See id.*). She alleges that in March 2023, the Housing Authority reached out to her, proposing that she transfer to a different unit while her home was being repaired. (*See id.*). McBride alleges that she made a written request to the Housing Authority the same month, requesting that it relocate her belongings to an area in her home that she believed

was out of the repair zone, allow her to remain temporarily residing with her daughters while the repair work was going on, expedite the repair work and report progress regularly to her, and return her to her apartment after the work on the apartment was completed. (*See id.*). She alleges that the Housing Authority did not make repairs from March 2023 through November 2023, nor did they respond to her March 2023 letter and her July 2023 letter complaining about the delays. (*See id.*).

McBride's Complaint was filed on November 23, 2025. (*See* Doc. 1, Ex. A). Her First Amended Complaint was served on the Housing Authority on March 18, 2025. (*See* Doc. 6, Ex. A). The Housing Authority removed this case to federal court on May 21, 2025. (*See* Doc. 1). In their Notice of Removal, they argue that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (*See id.*, p. 1).

The Housing Authority filed a Motion to Dismiss on May 28, 2025. (*See* Doc. 3). On June 16, 2025, McBride filed the instant Motion to Remand. (*See* Doc. 6). McBride filed a Motion for Extension of Time on June 25, 2025, requesting to delay her response to the Motion to Dismiss until after the Court adjudicates her Motion to Remand. (*See* Doc. 7). The Court agreed to her request due to this Court's requirement to ensure that it possesses subject-matter jurisdiction. (*See* Doc. 8; *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021)). The Housing Authority filed a Response to McBride's Motion to Remand on July 17, 2025. (*See* Doc. 17).

### APPLICABLE LAW AND LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State

court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Pooter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694–95 (S.D. Ill. 2007). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Kitson v. Bank of Edwardsville*, No. 06-528, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003). To determine whether the claim arises under federal law, courts examine the "well pleaded" allegations of the complaint and ignore potential defenses: "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Indeed, a cause of action arises under federal law only when the plaintiff's complaint raises issues of federal law. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). A federal defense to a claim arising under state law

does not create federal jurisdiction and does not authorize removal. *Blackburn v. Sandstrand Corp.*, 115 F.3d 493, 495 (7th Cir. 1997), *cert. denied*, 522 U.S. 997 (1997).

<u>28 U.S.C. § 1446(b)(1)</u> is explicit that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days *after the service of summons upon the defendant* if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Id.* (emphasis added); (*see* Doc. 12, p. 4 (citing *Dent v. Renaissance Mktg. Corp.*, No. 14 C 02999, 2014 WL 5465006, at *6 (N.D. Ill. Oct. 28, 2014); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999))).

### ANALYSIS

In her Motion to Remand, McBride first argues that the Housing Authority's removal of her case was untimely because the original complaint contained two counts brought pursuant to federal law, meaning that Housing Authority was required to remove the case within thirty days. (*See* Doc. 6, pp. 11–18). Housing Authority argues that while those counts were delineated as federal claims, they are tied to McBride's breach of contract claim, a state law matter; accordingly, there was no requirement to remove the case within thirty days. (*See* Doc. 7, pp. 2–3).

The federal ground asserted to establish jurisdiction must be more than incidental to a state-law claim. *See Johnson v. Orr*, 551 F.3d 564, 570 (7th Cir. 2008); *Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003). Moreover, the incantation of a federal statute will not automatically trigger federal jurisdiction. *Pullen-Walker v. Roosevelt Univ.*, 405 F. App'x 46, 48–49 (7th Cir. 2010). "[I]f a federal

claim is 'immaterial to the true thrust of the complaint and thus made solely for the purpose of obtaining jurisdiction' or if the federal claim is 'wholly insubstantial and frivolous,'" then the court must dismiss the complaint for lack of subject matter jurisdiction. *Greater Chi. Combine and Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069 (7th Cir. 2005) (quoting *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1182 (7th Cir. 1989)). The Seventh Circuit, however, has cautioned that "only the 'most extreme' cases will be so frivolous as to be insubstantial." *Archbold v. N.W. Cmty. Hosp.*, No. 98–4313, 1999 WL 518933, at *2 (7th Cir. July 16, 1999) (quoting *LaSalle Nat'l Trust, N.A. v. ECM Motor Co.*, 76 F.3d 140, 143 (7th Cir. 1996)). Although similar to the standard for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the standard for dismissing a complaint for insubstantiality is "considerably more rigorous." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1256 (7th Cir. 1994).

McBride's complaint does not present such a case. Count II's request for relief pursuant to the Fair Housing Act ("FHA") is not insubstantial or frivolous. McBride's complaint alleges that the Housing Authority violated the FHA by engaging in acts of discrimination against her. (*See* Doc. 1, Ex. A, ¶¶ 41–62). Specifically, she alleges that the Housing Authority violated the statute by refusing to permit her to reside in the three-bedroom apartment, insisting she transfer from her home in spite of her risk of risk of physical and mental harm, delaying in making repairs to the home, ignoring her written requests for reasonable accommodations, and failing to engage her in a dialogue about her requests for reasonable accommodations. (*See id*.). Similarly, Count III's claim for a violation of the federal right to housing is not insubstantial or

frivolous. McBride's complaint alleges that the Housing Authority's taking of her entitlement to public housing was under the color of state law and without good cause, thus violating due process. (*See id.*, ¶¶ 63–74).

Both Counts II and III spell out how McBride believes the Housing Authority violated the Fair Housing Act and 42 U.S.C. § 1983, respectively, through detailed factual allegations. While the Housing Authority is correct that there is substantial factual overlap between all three counts of the complaint, there is no requirement that each cause of action have an entirely separate and independent factual predicate. The Seventh Circuit merely requires that the federal causes of action not be "insubstantial." *LaSalle Nat'l Trust, N.A.*, 76 F.3d at 143. Here, McBride's two federal causes of action meet this threshold: the Housing Authority was required to remove the case to federal court within thirty days, or by December 21, 2023. As the Housing Authority failed to do so, removal is untimely, and the case must be remanded.

Housing Authority then argues that because Counts VI and VII of McBride's First Amended Complaint contain allegations of new occurrences that do not relate back to the initial Complaint, removal is permitted pursuant to 28 U.S.C. § 1446(b)(3). (*See* Doc. 17, pp. 4–7). McBride disputes that the new claims relate back and argues that the application of § 1446(b)(3) is predicated on the amended complaint containing federal claims for the first time. (*See* Doc. 6, pp. 18–20).

28 U.S.C. § 1446(b)(3) states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

which is or has become removable.

McBride is correct in her assessment that subsection (b)(3) only applies when the case becomes removable for the first time with an amended pleading. In discussing the requirement for timely removal in the context of this subsection, the Seventh Circuit has stated that "[t]he 30–day removal clock is triggered by the defendant's receipt of a pleading or other paper that affirmatively and unambiguously reveals that the case is or has become removable." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013). "This bright-line rule promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants." *Id.* at 824. Thus, subsection (b)(3) presupposes that the original complaint is not removable.

As discussed *supra*, the original Complaint clearly contained two federal claims that triggered the Housing Authority's requirement to remove the case within thirty days. The Court need not analyze whether McBride's new claims in her Amended Complaint relate back, as that question is only relevant if the original Complaint could not have been removed to begin with. Therefore, the Court determines that subsection (b)(3) is inapplicable.

## Conclusion

For the reasons set forth above, Plaintiff Shelby McBride's Motion to Remand (Doc. 6) is **GRANTED**. This case is **REMANDED** to the Circuit Court for Jackson County, Illinois. Additionally, the pending Motion to Dismiss (Doc. 3) and Motion for Leave to Proceed in forma pauperis (Doc. 4) are **DENIED** as moot. McBride is

**GRANTED** leave to petition for attorney fees and costs pursuant to 28 U.S.C. § 1447.

**IT IS SO ORDERED.**

**DATED:  August 5, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
