# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHELBY MCBRIDE,** | |
| **Plaintiff,** | |
| v. | Case No. 25-CV-01025-SPM |
| **HOUSING AUTHORIY OF THE COUNTY OF JACKSON,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    This matter comes before the Court for consideration of a Motion for Attorney Fees filed by Plaintiff Shelby McBride. (Doc. 21). After this Court remanded her case back to the Circuit Court for Jackson County, Illinois on August 6, 2025 (Doc. 18), McBride filed the instant timely motion for attorney fees pursuant to 28 U.S.C. § 1447(c). (Doc. 21). In her Motion, McBride argues that removal of her case by Defendant Housing Authority of the County of Jackson was objectively unreasonable and seeks some $7,975.00 in attorney fees from the 31.90 hours of work that Attorney Paul Matalonis expended on this case. (*Id.*). McBride cites to *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) in support of her Motion. (*Id.*, p. 1).

    The Defendant Housing Authority does not dispute the *award* of attorney fees, but rather argues that McBride's fee *calculations* run afoul of Seventh Circuit precedent in *Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363 (7th Cir. 2000). (Doc. 22). Defendant argues that Plaintiff's fee calculation should have been performed as a percentage of Attorney Matalonis's annual compensation as a salaried employee of

Land of Lincoln Legal Aid (*id.*, pp. 2–3) and argues that Attorney Matalonis's time entries contain tasks that are "lumped together, do not provide enough description, are completely indecipherable, or [are] some combination of the three" (*id.*, pp. 4–5). Defendant points specifically to the entries from May 28, June 2, June 5, June 6, June 24, July 1, and August 5, 2025 as being impermissible. (*Id.*, p. 4).

    First, Plaintiff's Counsel does not cite any mandatory authority that supports his calculation of fees; he merely states that "Plaintiff is requesting an attorney fees award based on an hourly rate of $250 because this is the standard and customary rate of local attorneys based on 40 years of experience." (Doc. 21, p. 8). While *Martin* involved the award of § 1447(c) attorney fees, the Supreme Court only addressed whether or not § 1447(c) attorney fees were automatically awarded on remand, not how those fees must be calculated. *See* 546 U.S. at 141.

    The Seventh Circuit was clear in *Hotline Industries* that the "incremental costs" associated with removal included the plaintiff's "actual attorney's fees incurred," defined as "a proportional share of the salaries of its attorneys handling the removal plus overhead costs." 236 F.3d at 368 (citation modified). Moreover, the Seventh Circuit noted that all fee shifting statues cannot be treated as "minor variations" on the rule that "'reasonable fees' under fee-shifting statutes such as 42 U.S.C. § 1988 'are to be calculated according to the prevailing market rates in the relevant community,' regardless of whether the plaintiff is represented by a private law firm or a legal aid society." *Id.* at 366 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)) (citing *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 n.2 (1989); *Burlington v. Dague*, 505 U.S. 557, 562 (1992)); *see Nat'l Lab. Rels. Bd. v. Neises*

*Constr. Corp.*, 62 F.4th 1040. 1058 (7th Cir. 2023) (stating that the *Hotline Industries* Court was "confronted with an unusual statutory scheme that limited attorneys' fees to 'actual expenses'" (citing *Hotline Industries* at 367)); *see also Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1166 (N.D. Cal. 2004) ("The Seventh Circuit has rejected reasonableness in determining attorney fees under section 1447(c)." (citing *Hotline Industries*)). Thus, the Seventh Circuit has specifically held that § 1447(c) attorney fees are handled in an idiosyncratic manner in comparison to other fee-shifting statues.

Therefore, this Court holds that Plaintiff's Motion does not comport with established Circuit precedent for calculation of § 1447(c) attorney fees. Plaintiff's Counsel of Record may resubmit a motion for attorney fees which justifies the amount of fees based not on reasonableness, but rather on "a proportional share of the salaries of [the] attorneys handling the removal plus related overhead costs." *Hotline Industries* at 368 (citation modified). Moreover, Plaintiff's resubmitted motion must include a list of time entries that are specific enough for this Court to clearly determine the specific tasks accomplished by Plaintiff's counsel.

For the reasons set forth above, Plaintiff Shelby McBride's Motion for Attorney Fees (Doc. 21) is **DENIED without prejudice**. Plaintiff McBride may refile a motion for attorney fees that is consistent with this Order no later than October 24, 2025.

**IT IS SO ORDERED.**

**DATED: October 10, 2025**

                                              **s/ *Stephen P. McGlynn***
                                              **STEPHEN P. McGLYNN**
                                              **U.S. District Judge**