IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHELBY MCBRIDE<br><br>**Plaintiff,**<br><br>v.<br><br>**HOUSING AUTHORITY OF THE COUNTY OF JACKSON,**<br><br>**Defendant.** | Case No. 25-CV-01025-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of Plaintiff Shelby McBride's Second Motion for Attorney Fees. (Doc. 24). Having been fully informed of the issues presented, Plaintiff's Motion is hereby **GRANTED in part**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a Complaint in the Circuit Court for the First Judicial Circuit in Jackson County, Illinois, on March 18, 2025, and Defendant removed the matter to federal court two months later. (Doc. 1, Ex. A). On August 6, 2025, this Court remanded the matter back to the First Judicial Circuit, and Plaintiff filed a timely Motion for Attorney Fees pursuant to 28 U.S.C. § 1447(c). (Docs. 18, 24). In that Motion, Plaintiff requested an award of $7,975.00 for attorney fees based on a reasonable fee calculation of $250.00/hr. for 31.9 hours. (Doc. 21, p. 9). After reviewing the Plaintiff's Motion, the Court determined that since the counsel for Plaintiff worked at Land of Lincoln Legal Aid ("LOLLA"), and did not bill their clients in the same manner as traditional law firms, that the calculation of attorney fees should be

based on "a proportional share of the salaries of [the] attorneys handling the removal plus related overhead costs." (Doc. 23, p. 3 (citing *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 368 (7th Cir. 2000))). Accordingly, Plaintiff's Motion was denied without prejudice and she was provided another opportunity to request attorney fees. (Doc. 23).

On October 24, 2025, Plaintiff filed her Second Motion for Attorney Fees, seeking an award of $13,778.87. (Doc. 24, ¶ 31). Defendant does not contest whether attorney fees should be awarded, but rather disputes the amount sought, and the calculations used to obtain that amount. (Doc. 25). As a result, the only issue is the proper amount of fees to be awarded.

## LEGAL STANDARD

Under § 1447(c), when an improperly removed case is remanded back to state court, the district court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such fees are expressly limited to "actual outlays" and are defined as "a proportional share of the salaries of its attorneys handling the removal plus overhead costs." *Hotline Indus., Inc.*, 236 F.3d at 366–68 (citation modified). Under § 1447(c), the plaintiff bears the burden of proving the amounts actually incurred, and the Court has "discretion 'to tailor the documentation requirement' according to the stakes involved." *Id.* at 368 (quoting *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000)).

## DISCUSSION

In her Second Motion for Attorney Fees, Plaintiff seeks an award of $13,778.87. (Doc. 24, ¶ 31). Plaintiff asserts that this request represents a proportional share of Attorney Paul Matalonis's salary and related overhead costs in compliance with *Hotline Industries*, and that the amount reflects a $247.82 hourly rate for 55.6 hours of work. (*Id.* ¶¶ 31, 35, 36). The Defendant Housing Authority argues that both the hourly rate calculation as well as the number of hours claimed are incorrect. (Doc. 25). Beginning with the hourly rate calculation, Plaintiff asserts that the correct amount per hour is $247.82. (Doc. 24, ¶ 34). Defendant argues that Plaintiff has not sufficiently explained how she arrived at this number, taking particular issue with her treatment of overhead costs. (Doc. 25, p. 4).

The Court begins by reviewing the affidavit and accompanying documentation of Dawn Ripperda, the LOLLA Comptroller, (*Id.*, Ex. C), to determine how Mr. Matalonis's hourly rate was calculated. Ms. Ripperda began by examining LOLLA's business records for the period of May 1, 2025, through September 30, 2025. (*Id.*, Ex. C, ¶ 6). She then isolated Mr. Matalonis's salary for that timeframe, including uncompensated benefits,[1] and calculated the total to be $64,299.00. (*Id.*, Ex. C, p. 4). She further determined that 3.65%[2] of Mr. Matalonis's salary and benefits were attributable to the instant matter, resulting in $2,347.10. (*Id.*). The Court takes no

---

[1] Such uncompensated benefits were specifically identified as contributions made to Social Security, Medicare, Workers Compensation, Pension, Health Insurance, Life Insurance, Dental Insurance, and Vision Insurance. (Doc. 24, Ex. C, p. 4)

[2] 3.65% is the percentage of hours Mr. Matalonis spent on the instant case as compared to all other work performed by him during the May through September window (31.9 hours out of 873.9 total). (Doc. 24, Ex. C, p. 4)

issue with these salary-related calculations.

Next, Ms. Ripperda engages in the same process to calculate the overhead component. (*See generally id.*, Ex. C). Ripperda identifies an overhead cost attributable to Mr. Matalonis during this May through August period of $152,272.00. (*Id.*). Then, she isolates 3.65%[3] of this overhead cost which yields an amount of $5,558.40, representing the proportional share of Mr. Matalonis's overhead costs that are attributable to Plaintiff McBride's case. (*Id.*). Adding that figure to Mr. Matalonis's proportional salary of $2,347.10, Ms. Ripperda settles on $7,905.50 as the combined proportional amount of salary and overhead costs for the McBride matter. (*Id.*, Ex. C, p. 5). Ms. Ripperda then divides this total by the 31.9 hours worked on the case during the May through September period, resulting in an hourly rate of $247.82.[4] (*Id.*). While the Defendant argues over certain aspects of this calculation, such as the use of GL codes as opposed to more specific identifiers of overhead costs, the Court nevertheless concludes the method used to calculate the hourly rate was proper, and that LOLLA's calculation was reasonable.

Next, the Court turns to the number of hours claimed by Plaintiff. In her Second Motion, Plaintiff asserts that Mr. Matalonis worked 55.6 hours on this matter (Doc. 24, ¶ 32), a 23.7-hour increase from her First Motion. Two things are important to note. First, Mr. Matalonis's time log (Doc. 24, Ex. B), which forms the basis for the claimed 55.6 hours, contains an arithmetic error: the entries total only 45.7 hours,

---

[3] *See supra* note 2.
[4] Plaintiff then multiplied this hourly rate by the number of reported hours in total (55.6) to yield the requested $13,778.87. (Doc. 24, Ex. C, pp. 4–5).

not 55.6. Second, the time log includes hours spent litigating Plaintiff's First and Second Motion for Attorney Fees. (*Id.*, pp. 5–6). The Court may award "fees on fees," *i.e.*, hours over the original 31.9, in circumstances where the opposing party acts "overly aggressive" or "arbitrary" in contesting fees, *Morjal v. City of Chicago*, 774 F.3d 419, 422 (7th Cir. 2014). Considering the Defendant has challenged nearly every aspect of the Plaintiff's calculations, the Court determines that such an award of "fees on fees" is appropriate. Accordingly, the Court will award Plaintiff attorney fees in the amount of $11,325.37.[5]

## CONCLUSION

For the reasons set forth above, Plaintiff Shelby McBride's Motion for Attorney Fees (Doc. 21) is **GRANTED in part**. The Court awards Plaintiff attorney fees and expenses in the amount of $11,325.37 (eleven thousand three hundred twenty-five dollars and thirty-seven cents).

**IT IS SO ORDERED.**

**DATED:   February 18, 2026**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**

---

[5]  45.7 hours at a rate of $247.82/hr.